WILLARD BARTLETT, J.
The plaintiff was an expressman in the employ of the Long Island Railroad Company. The alleged slander consisted in charging him with theft, because he had removed two packages belonging to the defendant from a seat on a ferryboat on which he was a passenger, going from New York to Long Island City. The reason assigned for taking the packages was that they were apparently abandoned, and it was said that they were merely picked up by the plaintiff, and delivered to a deckhand on the ferryboat for safekeeping. The jury doubtless found this to be the true explanation of the occurrence, inasmuch as they rendered a verdict in favor of the plaintiff, assessing the damages at $600.
The appeal raises only three questions. The first relates to the admission of testimony on the part of the plaintiff as to an interview with the defendant a fortnight after the utterance of the alleged slander which was the subject-matter of the action. The plaintiff was asked, “ What did Mr. Gregory say to you, this day you met him, about two weeks after the occurrence?’’ and he answered as follows:
“I said, ‘Why don’t you leave me alone? Why do you keep following me up all the time? I have a wife and three children. I have to support them.’ He said, ‘Why didn’t you think of them before you stole them packages? ’ I said, 1 Do you still insist on saying I stole them packages? ’ He said, 11 do.’ He'said, ‘ I will follow this thing out, it it cost me a hundred dollars, to see you *598 discharged.’ I begged him to leave me alone; that I was a poor man.”
This evidence was admissible to prove actual malice, and thus enhance the plaintiff’s damages. In Fry v. Bennett, 28 N. "Y 821, 328, the court held that, within the rule allowing proof of the repetition of the slanderous charge to show malice beyond that implied from its original utterance, “any act or language of the defendant tending to prove malice on the part of the defendant is regard to the particular slander or libel which is the subject of the action may be proved.”
The second question is whether the court erred in excluding evidence offered in behalf of the defendant as to what he said to the assistant superintendent of the express department of the Long Island Railroad Company, in Long Island City, in reference to the occurrence on the ferryboat. The trial judge allowed the defenfendant to state all that occurred between him and the assistant superintendent while the plaintiff was present, but refused to allow him to tell what happened at a subsequent interview in the plaintiff’s absence. In this refusal there was no error. The plaintiff had not sought to prove anything about the second conversation, and there was nothing in regard to it which required refutation by the defendant.
The third and last question is in respect to the amount of damages, which the learned counsel for the appellant characterizes as grossly excessive. If a smaller sum had been awarded, we should have been better satisfied with .the verdict, in view of the fact that the actual inconvenience or pecuniary injury suffered by the plaintiff appears to have been small, and the defendant was not wholly without excuse for annoyance at the disappearance of his packages, under the circumstances disclosed by the record. Nevertheless, the proof of a persistent intention on the part of the defendant to procure the plaintiff’s dismissal from employment, two weeks later, accompanied by a repetition of charge of theft, was such evidence of malice that we cannot reduce the amount of the recovery.
The judgment and order must be affirmed, with costs.
All concur.